IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | LEAD CASE NO. 12-5710 (ESL) |
| MJS LAS CROABAS PROPERTIES, INC. | CHAPTER 11 |
| Debtor | |
| IRIS M. MENDEZ | ADV. PROC. NO. 13-00005 (ESL) |
| Plaintiff | |
| vs. | |
| MJS LAS CROABAS PROPERTIES, INC. | |
| Defendant | |
| FEDERAL DEPOSIT INSURANCE CORP. | |
| Intervenor | |

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion for Summary Judgment* (Docket No. 29) filed by Iris M. Mendez (the "Plaintiff") to compel the Debtor, MJS Las Croabas Properties, Inc. (the "Defendant"), to execute a deed to register Unit CE-202 of Ocean Club at Seven Seas located in Fajardo, Puerto Rico, to her name. Also before the court is the *Opposition to Plaintiff's Motion for Summary Judgment* and *Motion for Summary Judgment* filed by intervenor Federal Deposit Insurance Corporation ("FDIC"), as a receiver of Westernbank Puerto Rico (Docket Nos. 32 and 36), contending that any interest in the property claimed by the Plaintiff is avoidable pursuant to 11 U.S.C. § 544(a)(3) and that in the alternative, any interest in the property is inferior, subordinate and subject to FDIC's interest in it. For the reasons stated below, the Plaintiff's *Motion for Summary Judgment* (Docket No. 29) and the FDIC's *Motion for Summary Judgment* (Docket No. 36) are hereby denied.

-1-

Uncontested Facts and Procedural Background

The Defendant, the Debtor in the lead bankruptcy case, is a single-asset real estate company formed for the purpose of purchasing real property and constructing residential units for marketing and resale to third parties in a development located in Fajardo, Puerto Rico, known as "The Ocean Club at Seven Seas", which consists of 300 residential units, 59 of which remain unsold, as well as two completely undeveloped adjacent lots. See Lead Case Docket No. 141.

The Defendant is the owner in fee simple of a lot of land with a surface area of 95,285.4630 sqm located in the Calabazas Ward of the Municipality of Fajardo. This lot is comprised of six lots that have been purchased by the Defendant and aggregated together to form what the Defendant denominates as "Plot Number One". The following aggregated lots compose Plot Number One: (1) Lot No. 11,831 recorded at volume no. 283, page no. 100, of the Puerto Rico Property Registry, Fajardo Section; (2) Lot No. 11,832 recorded at volume no. 289, page no. 105, of the Puerto Rico Property Registry, Fajardo Section; (3) Lot No. 2,597 recorded at volume no. 80, page no. 90 of the Puerto Rico Property Registry, Fajardo Section; (4) Lot No. 1,723 recorded at volume no. 389, page no. 84, of the Puerto Rico Property Registry, Fajardo Section; (5) Lot No. 7,266 recorded at volume no. 202, page no. 146, of the Puerto Rico Property Registry, Fajardo Section; and (6) Lot No. 15,498 recorded at volume no. 361, page no. 156 of the Puerto Rico Property Registry, Fajardo Section. See Docket No. 51-5, pp. 2-7. These lots, save for nos. 7,266 and 15,498, are encumbered with initial mortgages dating back to 2004, which have been subsequently been modified. See Docket No. 51-3, pp. 17-19 (Lot No. 11,831), pp. 23-25 (Lot No. 11,832), pp. 7-9 (Lot No. 2,597), and pp. 1-3 (Lot No. 1,723). Lot No. 15,498 was acquired by the Defendant through *Deed of Purchase No. 127* executed in on October 18, 2005 before Notary Public Luis Omar Berrios Orlandi, which was registered at the Puerto Rico Property Registry, Fajardo Section, at volume no. 473, page no. 199. See Docket No. 51-3, pp. 35-37. It is encumbered with a mortgage executed on February 21, 2008 through *Deed No. 6* before Notary Public Juan C. Salich Pou, which was presented at the

Property Registry on March 4, 2008. Id. at p. 37. Lot No. 7,266 was purchased by the Defendant on March 21, 2006 through *Deed of Purchase No. 12* before Notary Public Luis Oscar Berrios Orlandi. See Docket No. 51-3, pp. 13-15. It is encumbered with a mortgage executed on February 21, 2008 through *Deed No. 6* before Notary Public Juan C. Salich Pou, which was presented at the Property Registry on March 4, 2008. Id. at p. 15.

The Plaintiff was the owner in fee simple of a lot of land with a surface area of 1.403 cuerdas located in the Calabazas Ward, Las Croabas Sector, Lot No. 15,144 recorded at volume no. 352, page no. 164, of the Puerto Rico Property Registry, Fajardo Section. On December 28, 2006, the Plaintiff and the Defendant executed *Deed of Purchase No. 41* before Notary Public Luis O. Berrios Orlandi (the "*Deed of Purchase*") whereby she sold the aforementioned property to the Defendant for $1.5 million, of which $250,000 was paid through a *Promissory Note* due on December 31, 2008. As part of the conditions for the sale of the lot, the Plaintiff was to be provided with a temporary unit identified as Unit Lighthouse I-201 at the project known as Ocean Club at Seven Seas Beach ("Unit Lighthouse I-201"), which belongs to the Defendant. Unit Lighthouse I-201 was loaned to the Plaintiff as a temporary unit free from any lien and rent free until the Defendant paid the *Promissory Note*. The *Promissory Note* was to be paid by the Defendant by transferring the title in fee simple of one (1) residential unit of her choosing to be used as her permanent residence (the "Permanent Unit"). According to the *Deed of Purchase,* the subsequent deed to transfer the title in fee simple of the Permanent Unit to the Plaintiff was to be executed within ten (10) natural days after the Use Permit of the Permanent Unit was granted and the possession would to be transferred free from occupants, liens and/or encumbrances. The *Deed of Purchase* was filed at the Puerto Rico Property Registry, Fajardo Section, on January 16, 2007 at entry no. 654 of entry book 284. See Docket No. 39-9, p. 27.

The Defendant financed the construction and development of the property with financing obtained from Westernbank Puerto Rico ("Westernbank"). To obtain such financing, the Defendant executed a series of notes, mortgages, and other loan documents granting Westernbank certain interests in the property, as well as other property of the Defendant.

Particularly, to secure a mortgage over Lot No. 15,144, on December 28, 2006, the Defendant and Westernbank executed *Mortgage Deed No. 740* before Notary Public Gary E. Biaggi Silva, which was filed at the Puerto Rico Property Registry, Fajardo Section, on January 30, 2007 at entry no. 1008 of entry book 284. See Docket No. 39-9, p. 28.

On November 17, 2007, the Defendant acquired another separate lot, no. 12,229 recorded at volume no. 289, page no. 285, of the Puerto Rico Property Registry, Fajardo Section, through *Deed of Purchase No. 12* before Notary Public Francisco Pujol Meneses, which was filed at the Property Registry at entry no. 848 of entry book no. 288. See Docket No. 51-3, pp. 29-31. It is encumbered with an initial mortgage executed prior to the sale of the lot on March 11, 2004, which was filed at the Property Registry on June 9, 2004 at entry no. 776 of entry book no. 268. Id. at p. 30. This is separate from Plot Number One.

On April 30, 2010, the Puerto Rico Commissioner of Financial Institutions closed Westernbank and appointed FDIC as a receiver. Accordingly, FDIC succeeded to all rights, title and interests of Westernbank in the liens and loan documents at issue in the instant case.

On or about October of 2010, the Plaintiff selected Unit CE-202 as her Permanent Unit and has since been living there as her principal residence uninterruptedly. The Defendant has never executed a public deed transferring property title of Unit CE-202 to the Plaintiff. There is no evidence in the record that demonstrates that the Plaintiff requested the Defendant to prepare and/or execute such deed.

On July 19, 2012, the Defendant filed a Voluntary Chapter 11 Petition. See Lead Case Docket No. 1. On September 12, 2013, the Debtor's Chapter 11 bankruptcy petition was converted to a Chapter 7. See Lead Case Docket No. 351.

On January 10, 2013, the Plaintiff filed the instant adversary proceeding *Complaint* requesting the court to determine that the Defendant's obligation to execute the public deed transferring to her the ownership title of Unit CE-202 is non dischargeable and seeking an order

for the Defendant to execute such deed.  She also seeks costs, disbursements and attorneys' fees.  See Docket No. 1.

On February 4, 2013, the FDIC filed a *Motion to Intervene* (Docket No. 6) and an *Answer to Complaint* (Docket No. 7).  The *Motion to Intervene* was granted on February 7, 2013 (Docket No. 8).

On February 8, 2013, the Defendant filed an *Answer to the Complaint* (Docket No. 9) contending that because it is in bankruptcy, it cannot execute the alleged deeds unless approved by the court, but that it "does not oppose subscribing any necessary document to enable the Plaintiff to continue to enjoy quiet title over the property" (Docket No. 9, p. 4).

On June 3, 2013, the FDIC demanded the Defendant to assert its right to avoid any interest the Plaintiff claims in the property pursuant to 11 U.S.C. § 544(a)(3) by June 12, 2013 (Docket No. 21, pp. 5-6), which the Defendant declined to do on June 7, 2013 (Docket No. 21, p. 7).

On June 11, 2013, the Defendant filed a *Motion to Inform* (Docket No. 21) indicating that: (a) the Plaintiff came into possession of Unit CE-202 pursuant to the agreement made in 2006, to wit, the *Deed of Purchase*; (b) it has not signed the deeds due to reasons not attributable to its control; (c) the transfer of the property occurred pursuant to a sale and purchase agreement upon simultaneous considerations that took place in 2006, and thus there are no legal grounds to avoid such transfer; (d) the Plaintiff's acquisition of the property was duly perfected since 2010, long before the filing of the Defendant's bankruptcy petition, when she took possession of the unit; and (e) that pursuant to Segarra v. Widow of Llorens, 99 D.P.R. 60 (1970), the Plaintiff has full ownership rights over the property.

On November 13, 2013, the Plaintiff filed the *Motion for Summary Judgment* (Docket No. 29) seeking an order for the Defendant to execute the necessary public deeds for the transfer of Unit CE-202 to the Plaintiff plus costs and attorneys' fees.

On November 27, 2013, the FDIC filed an *Opposition to Plaintiff's Motion for Summary Judgment* (Docket No. 32), a *Memorandum in Opposition to Plaintiff's Motion for Summary*

*Judgment* (Docket No. 33), and a *Motion for Summary Judgment* (Docket No. 36).  Also see Docket Nos. 34, 35, 37, 38, 39 and 40.  In all of them, the FDIC argues that the Plaintiff's alleged interest in Unit CE-202 is avoidable under 11 U.S.C. § 544(a)(3) because it was not recorded and in any event, any interest in the property is inferior, subordinate and subject to FDIC's interest under Article 105 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2355.

On May 30, 2014, the court entered an *Order* for the parties "to file within 14 days a joint stipulation or separate motions to identify with specificity where (within the Defendant's lots) unit CE-202 at Ocean Club Seven Seas Beach is located, whether or not such lot is mortgaged, if so, when the mortgage was constituted and/or filed at the Property Registry, along with the supporting documentation" (Docket No. 48).

On June 13, 2014, the Plaintiff filed a *Motion in Compliance with Order* (Docket No. 50) stating that "regarding the specific location of Unit CE-202 within the Ocean Club Project, the Plaintiff is in the process of obtaining a copy of the croquis of the project where [she] can mark the aforementioned property and submit it to the [] Court before the end of the upcoming week" and to that extent, she requested five (5) days to submit it, which the court granted on June 30, 2014 (Docket No. 52).  The extension of time granted by the court expired on June 18, 2014.

On June 13, 2014, the FDIC filed a *Motion in Compliance with Order* (Docket No. 51) submitting 8 title studies that allegedly correspond to each parcel owned by the Defendant in the instant case and contending that there is no document filed at the Puerto Rico Property Registry whereby Unit "CE-202 is individualized, separated, sold, or mortgaged".  The FDIC asserts that all of the Defendant's properties are mortgaged through deeds executed in 2004 and 2006, including *Mortgage Deed No. 739*[1] before Notary Public Gary E. Silva.  See Docket No. 51, p. 4, ¶ 3(k)(iv).   Hence, the FDIC concludes that "[b]ecause Unit CE-202 was built on the mortgaged properties, the mortgages extend to Unit CE-202" (Docket No. 51, p. 4, ¶ 3(l)).

---

[1] Although in its *Motion in Compliance* the FDIC-R makes reference to "Mortgage Deed number 740" (Docket No. 51, p. 4, ¶ 3(k)(iv)), the correct deed number is 739 pursuant to Docket Nos. 39-7 at pp. 16-21, 39-8 at pp. 1-15, 39-10 at p. 28, and 51-3 at p. 34.

Applicable Law and Analysis

*(A)     Standard for Summary Judgment*

Fed. R. Civ. P. 56, applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7056, provides that summary judgment should be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See In re Colarusso, 382 F.3d 51, 58 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).  "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved."  10A Wright, Miller & Krane, Federal Practice and Procedure: Civil 3d § 2712.  "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried."  Id.  Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain.  Id.  The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact.  Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation.  Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party.  Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment.  Adickes v. Kress & Co., 398 U.S. 144, 157 (1970).  Also see López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510,

1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. See Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-1561 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. See López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. See Celotex, 477 U.S. at 325; Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. See Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987); Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988). A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. See Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. See López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Fed. R. Civ. P. 56(g) provides that if the court does not grant all the relief requested in the motion for summary judgment, it can determine if there are material facts which are genuinely not in dispute, and establish those facts as undisputed for trial. Also see Vélez Arcay v. Banco Santander (In re Vélez Arcay), 499 B.R. 225, 229 (Bankr. D.P.R. 2013).

In the instant case, the uncontested facts established herein under Fed. R. Civ. P. 56(g) are supported from the admissions to the pleadings, admissions in the statements of material uncontested facts filed by the parties and the uncontested documents in the record.

The *Deed of Purchase* executed on December 28, 2006 for Lot No. 15,144 was filed at the Puerto Rico Property Registry, Fajardo Section, on January 16, 2007. See Docket No. 51-3, p. 33. The *Title Study* filed by the FDIC reveals that *Deed of Purchase* was subject to an obligation established in a *Promissory Note*, which the deed itself "expresses will be paid by assigning the seller an apartment in the future development to be constr[ucted]". Id. The *Mortgage Deed* for Lot No. 15,144, also executed on December 28, 2006, was subsequently filed at the Property Registry on January 30, 2007. See Docket No. 51-3, p. 34. In spite of the parties' replies to the *Order* entered on May 30, 2014 (Docket No. 48), the court cannot determine through the pleadings and documents submitted where Unit CE-202 is located within the Defendant's lots. The location of Unit CE-202 is crucial because it will determine the unit's prior liens and encumbrances, if any, and the dispositive applicable law. Because the court cannot determine the location of Unit CE-202, it is not in a position to determine the legal consequences associated with the unit. Since said material fact is currently in controversy, the court cannot grant summary judgment at this stage of the proceedings.

Conclusion

In view of the foregoing, the court determines as uncontested the facts established herein pursuant to Fed. R. Civ. P. 56(g). Notwithstanding, because the location of Unit CE-202 is in controversy, the *Motions for Summary Judgment* filed by the Plaintiff and the FDIC (Docket Nos. 29 and 35) are hereby denied. The court hereby schedules a pre-trial hearing for **September 26, 2014 at 10:30 a.m.** The parties shall file proposed findings of fact and conclusions of law seven (7) days prior to the hearing. Each finding of fact shall make reference to either a document to be submitted as exhibit, or a witness. The parties shall also comply with LBR 9070-1. The court advises the parties that it will not hold a hearing without timely filed proposed findings of fact and conclusions of law.

SO ORDERED.

In San Juan, Puerto Rico, this 30th day of July, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge