IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | LEAD CASE NO. 12-5710 (ESL) |
| MJS LAS CROABAS PROPERTIES, INC. | CHAPTER 11 |
| Debtor | |
| IRIS M. MENDEZ | ADV. PROC. NO. 13-00005 (ESL) |
| Plaintiff | |
| vs. | |
| MJS LAS CROABAS PROPERTIES, INC. | |
| Defendant | |
| FEDERAL DEPOSIT INSURANCE CORP. | |
| Intervenor | |

OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration of Order Denying Motions for Summary Judgment* (Docket No. 56) and the *Motion to Grant the Unopposed Motion for Reconsideration* (Docket No. 61) filed by intervenor Federal Deposit Insurance Corporation ("FDIC").

In the *Opinion and Order*, 2014 Bankr. LEXIS 3263, 2014 WL 3767415 (Bankr. D.P.R. 2014), the court ruled as follows:

> The *Deed of Purchase* executed on December 28, 2006 for Lot No. 15,144 was filed at the Puerto Rico Property Registry, Fajardo Section, on January 16, 2007. See Docket No. 51-3, p. 33. The *Title Study* filed by the FDIC reveals that *Deed of Purchase* was subject to an obligation established in a *Promissory Note*, which the deed itself "expresses will be paid by assigning the seller an apartment in the future development to be constr[ucted]". Id. The *Mortgage Deed* for Lot No. 15,144, also executed on December 28, 2006, was subsequently filed at the Property Registry on January 30, 2007. See Docket No. 51-3, p. 34. In spite of the parties' replies to the *Order* entered on May 30, 2014 (Docket No. 48), the court cannot determine through the pleadings and documents submitted where Unit CE-202 is located within the Defendant's lots. The location of Unit CE-202 is crucial because it will determine the unit's prior liens and encumbrances, if any,

and the dispositive applicable law. Because the court cannot determine the location of Unit CE-202, it is not in a position to determine the legal consequences associated with the unit. Since said material fact is currently in controversy, the court cannot grant summary judgment at this stage of the proceedings.

Docket No. 54, p. 9, lines 4-17.

The FDIC contends in its *Motion for Reconsideration* (Docket No. 56) that: (a) the location of Unit CE-202 is legally irrelevant; (b) the Plaintiff lacks title to Unit CE-202; and (c) as a matter of law, the FDIC's has a secured claim, and the Plaintiff holds nothing more than an unsecured claim. The FDIC asserts that "the Plaintiff does not have --and never had-- a property right registered at the Property Registry [and that] both Westernbank and now the FDIC have been good faith lienholders ("Terceros de Buena Fe")" (Docket No. 56, pp. 2-3, fn. 1).

When Westernbank filed its *Mortgage Deed* at the Puerto Rico Property Registry on January 30, 2007 (Docket No. 51-3, p. 34), it knew or should have known of the Defendant's prior obligation with the Plaintiff because the *Deed of Purchase* for Lot No. 15,144 had been previously filed on January 16, 2007 (Docket No. 51-3, p. 33), which "expresses [that the Plaintiff] will be paid by assigning the seller an apartment in the future development to be constru[ct]ed" (Id.). In simple words, Westernank's mortgage on Lot No. 15,144 is subject to the prior obligations registered at the Property Registry. Therefore, neither Westernbank or FDIC can claim to be a good faith lienholder under Art. 105 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2355, in regards to Lot No. 15,144. To be a good faith lienholder ("tercero registral") under said Art. 105, the FDIC must demonstrate that it is "a third person who, in good faith and by paying a price, validly acquires a right from a person who according to the Registry, appears with the power to convey it, shall be sustained in his acquisition after he has recorded his right, **when for any reason the Registry is found to be inaccurate**, either because the grantor's title is rescinded, cancelled or annulled for reasons not clearly shown in the Registry itself, or because there are actions or titles of ownership or of other real rights that are not duly recorded." 30 L.P.R.A. § 2355 (emphasis added). Also see Serrano Muñoz v.

Auxilio Mutuo, 171 D.P.R. 717, 739 (2007) (for the application of the third party goof faith lienholder doctrine ("tercero registral de buena fe"), it is indispensable that the information which arises from the Property Registry be inaccurate). In the instant case, the FDIC has not alleged or demonstrated any inaccuracy at the Property Registry. On the contrary, the court finds that the Property Registry's records seem to be quite clear as to Lot No. 15,144. See Title Study for Lot No. 15,144 (Docket No. 51-3, pp. 33-34). The remaining title studies reveal that the Defendant's remaining lots (other than Lot No. 15,144) are not subject to any similar obligation to the Plaintiff. For those properties, therefore, the Plaintiff's non-recorded personal obligation with the Defendant cannot trump the prior registered mortgages. That is why "[t]he location of Unit CE-202 is crucial" (Docket No. 54, p. 9, line 13). The court also weighs that Westernbank and/or FDIC are not common litigants for mortgage law controversies in Puerto Rico. See BPPR v. Sucn. Talavera, 174 D.P.R. 686, 716 (2008) (imputing on the bank specialized knowledge over mortgage law controversies); Banco Santander P.R. v. Rosario Cirino, 126 D.P.R. 591, 612 (1990) (requiring banks a higher level of diligence to be considered good faith lienholders under Art. 105 of Puerto Rico's Mortgage Law).

In view of the foregoing, the FDIC's *Motion for Reconsideration of Order Denying Motions for Summary Judgment* (Docket No. 56) and *Motion to Grant the Unopposed Motion for Reconsideration* (Docket No. 61) are hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of November, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-